Leonora M. Schloss (SBN 145142)
JACKSON LEWIS P.C.
725 South Figueroa St., Ste. 2500
Los Angeles, CA 90017
Phone:   (213) 689-0404
Leonora.Schloss@jacksonlewis.com

John A. Schaffer (SBN 320905)
JACKSON LEWIS P.C.
200 Spectrum Center Drive, Suite 500
Irvine, CA 92618
Phone:   (949) 885-1360
John.Schaffer@jacksonlewis.com

Attorneys for Defendants
SP MANAGEMENT SERVICES, INC. and
ADRIANA MORENO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GENEVIEVE GARCIA, an individual,<br><br>            Plaintiff,<br><br>vs.<br><br>SP MANAGEMENT SERVICES, INC., a California Professional Corporation; ADRIANA MORENO, an individual, and DOES 1 through 20, inclusive,<br><br>            Defendants. | **CASE NO.:**  2:21-cv-1658<br><br>**NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA PURSUANT TO 28 U.S.C. §§ 1331, 1332, 1367, and 1441** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **TABLE OF CONTENTS**

PLEADINGS AND PROCESS ........................................................................ 6

THE REMOVAL IS TIMELY AND VENUE IS PROPER .............................. 7

ORIGINAL JURISDICTION OVER PLAINTIFF'S FFCRA CLAIMS ........... 8

SUPPLEMENTAL JURISDICTION OVER  PLAINTIFF'S NON-FEDERAL

      CLAIMS ............................................................................................. 9

DIVERSITY JURISDICTION ..................................................................... 10

THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED..................... 15

CONCLUSION .......................................................................................... 20

| Case No.: | 1 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
| --- | --- | --- |

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Angus v. Shiley, Inc.*,
   989 F.2d 142 (3rd Cir. 1993) ...................................................................... 14

*Anthony v. Security Pacific Financial Services, Inc.*,
   75 F.3d 311 (7th Cir. 1996) ........................................................................ 19

*Aucina v. Amoco Oil Co.*,
   871 F.Supp. 332 (S.D. Iowa 1994) ....................................................... 15, 18

*Brady v. Mercedes-Benz USA, Inc.*,
   243 F. Supp 2d 1004 (N.D. Cal. 2002) ........................................................ 19

*Burns v. Windsor Ins. Co.*,
   31 F.3d 1092 (11th Cir. 1994) .................................................................... 14

*Celestino v. Renal Advantage, Inc.*
   2007 U.S. Dist. LEXIS 33827 (N.D. Cal. 2007) ......................................... 19

*Cohn v. Petsmart, Inc.*,
   281 F.3d 837 (9th Cir. 2002) ...................................................................... 15

*Conner v. Aviation Serv. Of Chevron U.S.A.*,
   2014 U.S. Dist. LEXIS 156662 (N.D. Cal. Nov. 5, 2014) ........................... 11

*Davenport v. Mutual Ben. Health & Acc. Ass'n*,
   325 F.2d 785 (9th Cir. 1963) ...................................................................... 15

*Egan v. Premier Scales & Sys.*,
   237 F.Supp.2d 774 (W.D. Ky. 2002) .......................................................... 17

*Finley v. United States*,
   490 U.S. 545 (1989) ...................................................................................... 8

*Franklin v. Sacramento Area Flood Control Agency*
   2009 U.S. Dist. LEXIS 45229 (E.D. Cal., April 29, 2009) ......................... 11

*Galt G/S v. JSS Scandinavia*,
   142 F.3d 1150 (9th Cir. 1998) ............................................................... 15, 18

| Case No.: | 1 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |

*Gibson v. Chrysler Corp.,*
   261 F.3d 927 (9th Cir. 2001) ......................................................................... 17

*Goldberg v. CPC Int'l, Inc.,*
   678 F.2d 1365, cert denied, 459 U.S. 945 (9th Cir. 1982) ..................... 15, 18

*Guglielmino v. McKee Foods, Corp.,*
   506 F.3d 696 (9th Cir. 2007) .................................................................. 16, 18

*Hertz Corp. v. Friend,*
   559 U.S. 77 (2010) ......................................................................................... 9

*Hewitt v. City of Stanton,*
   798 F.2d 1230 (9th Cir. 1986) ............................................................... 10, 14

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter,*
   199 F.Supp.2d 993 (C.D. Cal. 2002) .......................................................... 14

*United States ex rel. Lupo v. Quality Assur. Servs.,*
   242 F. Supp. 3d 1020 (S.D. Cal. 2017) ....................................................... 11

McCabe v. General Foods Corp.,
   811 F.2d 1336, 1339 (9th Cir. 1987) ........................................................... 10

*Morris v. Princess Cruises, Inc.,*
   236 Fed. 1061, 1067 (9th Cir. 2001) ..................................................... 10, 14

*Picard v. Bay Area Reg'l Transit Dist.,*
   823 F.Supp. 1519 (N.D. Cal. 1993) .............................................................. 8

*Robles v. AgReserves, Inc.,*
   2014 U.S. Dist. LEXIS 87976 ...................................................................... 8

*Sanchez v. Monumental Life Ins. Co.,*
   95 F.3d 856 (9th Cir. 1996) ......................................................................... 16

*Simmons v. PCR Technology,*
   209 F.Supp.2d 1029 (N.D. Cal. 2002)............................................... 15, 17, 18

*Tillery v. Lollis,*
   2015 U.S. Dist. LEXIS 106845 (E.D. Cal. Aug. 13, 2015)................... 11, 12

*Toranto v. Jaffurs,*
   297 F. Supp. 3d 1073 (S.D. Cal. 2018)....................................................... 11

| Case No.: | 2 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |

*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint. Inc.*
   333 F.3d 923 (9th Cir. 2003) ........................................................................ 8

*United Mine Workers of America v. Gibbs,*
   383 U.S. 715 (1966) ..................................................................................... 8

*Vera v. Con-way Freight, Inc.,*
   2015 U.S. Dist. LEXIS 45424 (C.D. Cal. Apr. 6, 2015) .............................. 11

*Watson v. Blankenship,*
   20 F.3d 383 (10th Cir. 1994) ...................................................................... 19

*White v. FCI USA, Inc.,*
   319 F.3d 672 (5th Cir. 2003) ...................................................................... 15

*Willingham v. Morgan,*
   395 U.S. 402 (1969) .................................................................................... 15

**State Cases**

*In re Christian S.*
   7 Cal.4th 768 (1994) ................................................................................... 13

*Jones v. Lodge at Torrey Pines Partnership,*
   42 Cal. 4th 1158 (2008) ........................................................................ 12, 13

*Keiffer v. Bechtel Corp.,*
   65 Cal.App.4th 893 (1998) ......................................................................... 17

*Reno v. Baird,*
   18 Cal. 4th 640 (1998) .......................................................................... 12, 13

*Silo v. CHW Medical Foundation,*
   86 Cal.App.4th 947 (2001) ......................................................................... 17

**Federal Statutes**

28 United States Code § 1331 ............................................................. 5, 7, 8, 19

28 United States Code § 1332 .................................................................... 5, 19

28 United States Code §1332(a) ............................................................ 9, 14, 19

28 United States Code § 1332(c)(1) ................................................................. 9

| Case No.: | 3 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |

28 United States Code § 1332(d)(2) .......................................................... 9

28 United States Code § 1367.......................................................... 5, 19

28 United States Code § 1367(a) .......................................................... 8

28 United States Code § 1391(a) .......................................................... 6

28 United States Code § 1441.......................................................... 5, 6, 7, 19

28 United States Code § 1441(a) .......................................................... 7, 8, 14

28 United States Code §1446.......................................................... 6, 7

28 United States Code § 1446(b) .......................................................... 6

28 United States Code § 1446(d) .......................................................... 6, 7

29 United States Code § 2601 .......................................................... 7

Families First Coronavirus Response Act §5102 .......................................................... 5

Families First Coronavirus Response Act §5104 .......................................................... 5

**State Statutes**

California  Business & Professions Code § 17200 .......................................................... 5

California Government Code § 12926(d) .......................................................... 12

California Government Code § 12940(h) .......................................................... 12

California Government Code § 12940(j) .......................................................... 13

California Government Code § 12940(j)(3) .......................................................... 12

California Labor Code § 98.6 .......................................................... 11

California Labor Code §§ 1100 – 1006 .......................................................... 13

California Labor Code § 1102.5 .......................................................... 11, 12, 13

California Labor Code § 1102.5(f) .......................................................... 17

Labor Code section 1104 .......................................................... 13

| Case No.: | 4 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

**Other Authorities**

*Bachmann v. Bay Area Air Quality Management District*
    (Super. Ct. Contra Costa County, Jan. 18, 2018, Case No. MSC17-
    01243) ................................................................................................................ 11

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, AND TO PLAINTIFF GENEVIEVE GARCIA AND HER COUNSEL OF RECORD**:

PLEASE TAKE NOTICE that Defendant SP MANAGEMENT SERVICES, INC. ("Defendant") invokes this Court's jurisdiction under 28 U.S.C. §§ 1331, 1332, 1367, and 1441 and removes the above-entitled action to this Court from the Superior Court of the State of California, County of Orange.

## PLEADINGS AND PROCESS

1.    On January 4, 2021, Plaintiff Genevieve Garcia ("Plaintiff") filed a civil complaint against Defendants SP Management Services, Inc. (erroneously identified as a California Professional Corporation) and Adriana Moreno, in the Superior Court of the State of California in and for the County of Orange entitled Genevieve Garcia v. SP Management Services, Inc. et al., Case No. 30-2021-01176937-CU-WT-CJC which sets forth the following nine (9) causes of action:  (1) wrongful termination in violation of FEHA; (2) disability discrimination in violation of FEHA; (3) violation of business & professions code § 17200; (4) failure to provide reasonable accommodations; (5) failure to engage in a good faith interactive process; (6) wrongful termination in violation of public policy; (7) whistleblower retaliation; (8) failure to provide paid sick leave in violation of the Families First Coronavirus Response Act §5102; and (9) wrongful termination in violation of the Families First Coronavirus Response Act §§5102 and 5104 ("Complaint").  A copy of the Summons, Complaint, and other related court documents received by Defendant SP Management Services, Inc. is attached to the Declaration of John Andrew Schaffer ("Schaffer Declaration") as Exhibit "A."

2.    Defendant SP Management Services, Inc. first received Plaintiff's Summons and Complaint and related court documents on January 24, 2021.

3.    On January 29, 2021, Plaintiff filed a Proof of Service of Summons for service of the Summons, Complaint, and other related documents on SP Management Services, Inc.  The Proof of Service indicated that the documents had been mailed to SP

| Case No.: | 6 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |

Management Services, Inc. on January 14, 2021.  A true and correct copy of the Proof is attached to the Schaffer Declaration as Exhibit "B".

4.     On February 18, 2021, Defendant SP Management Services, Inc. filed and served its Answer in Orange County Superior Court.  A true and correct copy of Defendant SP Management Services, Inc.'s Answer is attached to the Schaffer Declaration as Exhibit "C."

5.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk of the Orange County Superior Court. Therefore, all procedural requirements under 28 U.S.C. §1446 have been satisfied. A true and correct copy of the Notice to Superior Court and Adverse Party of Defendants' Removal of Action to Federal Court is attached to the Schaffer Declaration as Exhibit "D."

6.     Prior to the filing of Defendant's Notice of Removal, defense counsel reviewed the Orange County Superior Court's online docket regarding the above-captioned action.  Based upon defense counsel's review of the docket, and to the best of defense counsel's knowledge, the foregoing documents identified as Exhibits A through C constitute all of the process, pleadings, orders, and other documents received by Defendant and/or on file in the state court action in Orange County Superior Court. [Schaffer Decl. ¶ 5.]

## THE REMOVAL IS TIMELY AND VENUE IS PROPER

7.     This Notice of Removal has been filed within thirty (30) days after Defendant first received a copy of Plaintiff's Summons and Complaint upon which this action is based.  This Notice of Removal is therefore filed within the time period provided by 28 U.S.C. § 1446(b).

8.     Venue of this action lies in the United States District Court for the Central District of California, Southern Division pursuant to 28 U.S.C. §§ 1441, *et seq.* and

Case No.: | 7 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441

1391(a) because this is the judicial district of this Court in which the action arose, where Plaintiff resides and where the cause of action arose.

9.    In accordance with 28 U.S.C. Section 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal, and all supporting papers promptly will be served on Plaintiff's counsel and filed with the Clerk and Orange County Superior Court. Therefore, all procedural requirements under 28 U.S.C. Section 1446 have been satisfied.

## ORIGINAL JURISDICTION OVER PLAINTIFF'S FFCRA CLAIMS

10.    In her complaint, Plaintiff alleges, *inter alia*, that Defendant violated her rights under the Families First Coronavirus Response Act ("FFCRA"), P.L. 116-127, which amends the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et seq*. (See Complaint, Causes of Action 8 and 9, ¶¶ 48-50, 120-143).

11.    The Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1331, on the basis of this Court's federal-question jurisdiction.  This case may therefore be removed pursuant to 28 U.S.C. § 1441.

12.    28 U.S.C. § 1441(a) provides, in relevant part, that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."

13.    This action is one over which this Court has original jurisdiction.  Pursuant to 28 U.S.C. § 1331, the district courts have original jurisdiction of all civil actions dealing with questions of alleged violations of the laws of the United States.  Specifically, this action involves claims of alleged acts violating the FFCRA under 29 U.S.C. § 2601, *et seq*. (See Complaint, Causes of Action 8 and 9, ¶¶ 48-50, 120-143).  This action is removable to this Court pursuant to 28 U.S.C. § 1441(a) because Plaintiff's claims allege violations of the laws of the United States, pursuant to the FMLA and FFCRA, under 29 U.S.C. § 2601, *et seq*.

## SUPPLEMENTAL JURISDICTION OVER
## PLAINTIFF'S NON-FEDERAL CLAIMS

14.     When the Court has original jurisdiction over an action, the Court "shall have supplemental jurisdiction over all other claims" that are "part of the same case or controversy." (28 U.S.C. § 1367(a).  "Nonfederal claims are part of the same 'case' as federal claims when they 'derive from a common nucleus of operative fact' and are such that a plaintiff 'would ordinarily be expected to try them in one judicial proceeding." (*Trs. of Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint. Inc.* (9th Cir. 2003) 333 F.3d 923, 925 [*quoting Finley v. United States* (1989) 490 U.S. 545, 549 (internal quotations omitted)].)  Here, Plaintiff's other, non-federal claims for wrongful termination, disability discrimination, violation of business and professions code, failure to provide reasonable accommodations, failure to engage in the interactive process, and retaliation are part of the same case or controversy, as they all arise from Plaintiff's alleged entitlement to family and medical leave, alleged requests to work remotely, and/or subsequent termination. (See Complaint).

15.     Accordingly, it is appropriate for this Court to exercise supplemental jurisdiction over Plaintiff's claims arising under state law.  (*See United Mine Workers of America v. Gibbs* (1966) 383 U.S. 715, 725 [where in light of the common underlying facts, Plaintiff "would ordinarily be expected to try all of his claims in one judicial proceeding"]; *Picard v. Bay Area Reg'l Transit Dist.*, 823 F.Supp. 1519, 1527 (N.D. Cal. 1993) [concluding that state law claims did not predominate where the same conduct formed the basis of the state and federal claims and would require "virtually the same evidentiary presentations at trial"]; *Robles v. AgReserves, Inc.*, 2014 U.S. Dist. LEXIS 87976 [where state law claims regarding meal and rest breaks did not predominate over federal claims for harassment, discrimination, and retaliation because they involved the same facts and witnesses, and shared a common nucleus of facts].)

16.     Hence, this action is removable to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331, 1367(a), and 1441(a).

### DIVERSITY JURISDICTION
#### COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

17.     Defendant properly may remove the Complaint on the basis of diversity of citizenship jurisdiction pursuant to 28 U.S.C. §1332(a) or 28 U.S.C. § 1332(d)(2), because complete diversity of citizenship exists.

18.     **Plaintiff is a California Resident**.  Plaintiff was, at the time of filing of the Complaint, and still is, a citizen of the State of California within the meaning of 28 U.S.C. § 1332(a).  [Complaint ¶ 2.]  At all times during her employment with Defendant, Plaintiff lived in California.  Additionally, Plaintiff's W-4 provided that she resided in Fullerton, California during her employment [Declaration of Jennifer Baldock] ("Baldock Decl.") ¶ 3, Exh. A], her Employment Application provided she lived in Fullerton, California, that she attended high school in Fullerton, California, her prior positions were in Anaheim, California and Fullerton, California [Baldock Decl. ¶ 3, Exh. B], and her last known address at the time of her termination was in La Habra, California [Baldock Decl. ¶ 3, Exh. C].

19.     **Defendant SP Management Services, Inc. is a Citizen of Tennessee.** Defendant SP Management Services, Inc. was, at the time of filing of the Complaint, and still is, a citizen of the State of Tennessee within the meaning of section 1332(c)(1), because it now is and was at all times incorporated under the laws of that state.  At all relevant times, SP Management Services, Inc.'s principal place of business and headquarters have been located in Tennessee.  Further, SP Management Services, Inc.'s high-level management is located at its headquarters in Tennessee.  Accordingly, all of SP Management, Inc.'s primary management functions are performed in the State of Tennessee.  (*Id.*)  *See Hertz Corp. v. Friend* (2010) 559 U.S. 77, 130 S.Ct. 1181, 1186 (adopting the "nerve center test" for purposes of ascertaining a corporation's principal place of business for purposes of diversity jurisdiction; "the phrase 'principal place of business' refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities").  [Baldock Decl.  ¶ 2.]

| Case No.: | 10 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
| --- | --- | --- |

20.     **Individual Defendant Adriana Moreno is improperly joined as a sham and nominal defendant.**     Although Plaintiff names individual defendant Adriana Moreno, a California resident, as an individual defendant, complete diversity still exists by and between the parties because Moreno is an improper sham defendant. *Morris v. Princess Cruises, Inc.*, 236 F3d 1061, 1067 (9th Cir. 2001); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-1233 (9th Cir. 1986) (all defendants must join in removal except nominal, unknown or fraudulently joined parties).  Plaintiff's naming of Moreno as a party to this action is improper because there is no possibility that Plaintiff can establish liability against Moreno based on the allegations in the Complaint for the reasons set forth below.

a.     Joinder of a non-diverse defendant does not preclude diversity jurisdiction when the plaintiff cannot prove a cause of action against that defendant. Under the "sham defendant" or "fraudulent joinder" doctrine, a non-diverse defendant constitutes a "sham" or a "fraudulently joined" defendant if either (1) no viable cause of action has been stated again the non-diverse defendant, or (2) evidence presented by the removing party shows there is no factual basis for the claims alleged against the non-diverse defendant.  See, e.g., Morris, 236 F.3d at 1067 (9th Cir. 2001) (When a non-diverse defendant's joinder "is deemed fraudulent," "the defendant's presence in the lawsuit is ignored for purposes of determining diversity . . ."); McCabe v. General Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

b.  Under Ninth Circuit authority, defendants are "entitled to present the facts showing the joinder to be fraudulent." *McCabe*, 811 F.2d at 1339 (holding that resident managers joined as defendants in wrongful discharge claim against former employer were joined to defeat diversity jurisdiction and that diversity existed after their citizenship was disregarded).

c.  In her Complaint, Plaintiff alleges only one cause of action against Moreno: (7) Violation of Labor Code § 1102.5 (Whistleblower Retaliation).  [Complaint ¶¶ 108-119.]  The statutory scheme and California and Federal Court decisions make it clear that

a retaliation claim under Labor Code § 1102.5 can only be made against an ***employer***. In the present action, Plaintiff alleges a retaliation cause of action against the Individual Defendant pursuant to Labor Code section 1102.5 for alleged disclosure of information related to her employer's working conditions. While not a FEHA claim, this is a retaliation claim under the Labor Code that is subject to the same burden shifting analysis. See *Franklin v. Sacramento Area Flood Control Agency* 2009 U.S. Dist. LEXIS 45229 (E.D. Cal., April 29, 2009) (applying the same burden-shifting analysis to plaintiff's claim for Labor Code section 98.6).

      d.   There are numerous federal court decisions finding no individual liability under Labor Code section 1102.5. *See Toranto v. Jaffurs*, 297 F. Supp. 3d 1073, 1105 (S.D. Cal. 2018); *United States ex rel. Lupo v. Quality Assur. Servs.,* 242 F. Supp. 3d 1020, 1030 (S.D. Cal. 2017); *Tillery v. Lollis*, 2015 U.S. Dist. LEXIS 106845 at * 27 (E.D. Cal. Aug. 13, 2015); *Vera v. Con-way Freight, Inc.*, 2015 U.S. Dist. LEXIS 45424 at *1 (C.D. Cal. Apr. 6, 2015); *Conner v. Aviation Serv. Of Chevron U.S.A.*, 2014 U.S. Dist. LEXIS 156662 at *5 (N.D. Cal. Nov. 5, 2014). The Individual Defendant is not aware of any published California state court opinions addressing individual liability under Labor Code section 1102.5.[1]   However, the reasoning and explanation provided in *Tillery* is instructive. In *Tillery*, the plaintiff made the argument that the 2014 amendment to Labor Code section 1102.5 adding the phrase "or any person acting on behalf of the employer" suggests there is individual liability. As explained in *Tillery*, Plaintiff's argument fails.

      Specifically, the *Tillery* court found that the language added in the amendment is nearly identical to the language used to define "employer" in the FEHA. The California Supreme Court has already reviewed similar language in the context of employment lawsuits and found that no individual liability exists. The *Tillery* court, relied on the

---

[1] *But see Bachmann v. Bay Area Air Quality Management District* (Super. Ct. Contra Costa County, Jan. 18, 2018, Case No. MSC17-01243) (relying on federal court rulings finding no individual liability under Labor Code section 1102.5 following 2014 amendment). *See* Individual Defendant's Request for Judicial Notice, Exhibits A and B.

| Case No.: | 12 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

California Supreme Court's rulings in *Reno v. Baird*[2] and *Jones v. Lodge at Torrey Pines Partnership*[3]. In *Reno*, the California Supreme Court held that individuals could not be liable for discrimination under the Fair Employment and Housing Act ("FEHA") even though the FEHA defines "employer" for purposes of discrimination under Gov. Code section 12926(d) to include "any person regularly employing five or more persons, **or any person acting as an agent of an employer**[.]" *See Reno*, 18 Cal. 4th at 645. This reasoning was applied in *Torrey Pines* to the use of the word "person" in Gov. Code section 12940(h) prohibiting retaliation. *Torrey Pines*, 42 Cal. 4th at 1162.

In *Tillery*, the court found that the 2014 amendment to Labor Code section 1102.5 was no different from the use of the word "person" in Gov. Code section 12940(h). *Tillery* stated the California Supreme Court rejected the same argument in *Torrey Pines*, and cites to the *Torrey Pines* reasoning that the "Legislature has adopted other ways to signal individual liability, such as the 'clear language' in Government Code section 12940(j)(3) 'imposing personal liability on all employees for their own harassing actions.'" *Tillery*, 2015 U.S. Dist. LEXIS 106845 at *25-26. Additionally, the legislative history to the 2014 amendment to Labor Code section 1102.5 provides no suggestion that the Legislature intended for individuals to be liable for an alleged violation of Labor Code section 1102.5.

Moreover, the analysis of the California Supreme Court's holding that only employers, and not individuals, can be held liable for claims of retaliation under the Fair Employment and Housing Act ("FEHA") is instructive. *Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal. 4th 1158, 1173 ("the employer is liable for retaliation under [Gov. Code] section 12940, subdivision (h), but non-employer individuals are not personally liable for their role in that retaliation.") In *Torrey Pines*, the Court relied heavily on its prior analysis in *Reno v. Baird* (1998) 18 Cal. 4th 640 where it held that there was no individual liability for discrimination because "[t]he general language

---

[2] 18 Cal. 4th 640 (1998).
[3] 42 Cal. 4th 1158 (2008).

| Case No.: | 13 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

allowing the FEHC to issue an accusation against a 'person' does not mean that *all* the FEHA provisions apply to persons as well as employers." *Reno*, at 659 (emphasis in original); see *Torrey Pines,* at 1163-1167.  It was found that "*Reno*'s rationale for not holding individuals personally liable for discrimination applies equally to retaliation." *Torrey Pines*, at 1164. The specific rationale is that individuals cannot avoid making personnel decisions on behalf of the employer, and "it is bad policy to subject supervisors to the threat of a lawsuit every time they make a personnel decision." *Id.* at 1167.

The *Torrey Pines* Court also emphasized that when the Legislature intends for a statute to impose personal liability, it will plainly do so, as evident in Government Code section 12940(j) providing, "An employee of an entity subject to this subdivision is personally liable for any harassment prohibited by this section by this section that is perpetrated by the employee…." *Torrey Pines*, at 1162.  Here, the analysis is the same when determining whether there can be individual liability for an alleged violation of Labor Code section 1102.5. It is highly unlikely that the Legislature would create liability for an individual without any reference to individuals in the language of the statute. See *In re Christian S.* (1994) 7 Cal. 4th 768, 782 ("We are not persuaded the Legislature would have silently, or at best obscurely, decided so important and controversial a public policy matter and created a significant departure from the existing law.")

In addition to the above precedent and reasoning of California's highest court, the statutory scheme as a whole in Chapter 5 of the California Labor Code contains Labor Code section 1102.5.[4] Regardless of the 2014 amendment to Labor Code section 1102.5, the Legislature did not repeal, amend, or clarify Labor Code section 1104, which reads, in its entirety, "In all prosecutions under this chapter, **the employer is responsible for the acts of his managers, officers, agents, and employees.**" (emphasis added).

Thus, there can be no individual liability for a violation of Labor Code section 1102.5 because the California Legislature has provided no clear language or intent to allow for it. In fact, the Legislature *explicitly* provides within the same statutory scheme

---

[4] Chapter 5 of the California Labor Code consists of sections 1100 – 1006.

| Case No.: | 14 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

that only the employer can be liable for prosecution of such a claim.

Based on the foregoing, it is clear that Plaintiff has no cognizable claim against the Individual Defendant.

As demonstrated by Plaintiff's Complaint, Moreno is improperly joined as a sham and nominal defendant and therefore should be disregarded for purposes of determining jurisdiction. *Morris v. Princess Cruises, Inc.,* 236 Fed. 1061, 1067 (9th Cir. 2001); *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232-33 (9th Cir. 1986) (all defendants must join in removal except nominal, unknown or fraudulently joined parties.)

21. **The presence of Doe defendants has no bearing on the diversity with respect to removal.** *See* 28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of defendants used under a fictitious name shall be disregarded.").

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED

22. This action also meets the amount in controversy requirement for removal based on diversity jurisdiction. 28 U.S.C. section 1332(a) authorizes the removal of cases in which there is diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

23. In determining whether the amount in controversy exceeds $75,000.00, the Court must presume Plaintiff will prevail on her claims. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002), citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994) (the amount in controversy analysis presumes "plaintiff prevails on liability") and *Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by the low end of an open-ended claim, but rather by reasonable reading of the value of the rights being litigated"). Moreover, the argument and facts set forth herein appropriately may be considered in determining whether the jurisdictional amount in controversy is satisfied. *Cohn v. Petsmart, Inc.,* 281 F.3d 837, 840, n.1 (9th Cir. 2002), citing *Willingham v. Morgan*, 395 U.S. 402, 407 n.3 (1969).

24.   The amount in controversy may include general and special compensatory damages and attorneys' fees recoverable by statute.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Goldberg v. CPC Int'l, Inc.*, 678 F.2d 1365, 1367, cert denied, 459 U.S. 945 (9th Cir. 1982) (attorneys' fees may be taken into account to determine jurisdictional amount).  The Court may examine the nature of the action and the relief sought, including attorneys' fees.  *See, e.g., Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002) (attorneys' fees in individual employment discrimination cases often exceed damages).  The Ninth Circuit has made clear that statutory attorneys' fees are included as a basis for determining the jurisdictional amount in controversy.  *See Galt*, 142 F.3d at 1155-56.  In determining whether the amount in controversy meets the jurisdictional minimum, attorneys' fees are calculable beyond the time of removal.  *Simmons*, 209 F.Supp. at 1035.

25.   Punitive damages also are included in calculating the amount in controversy. *See Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); see also *Aucina v. Amoco Oil Co.*, 871 F.Supp. 332, 334 (S.D. Iowa 1994) (nothing that "the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct" and the plaintiff's prayer for punitive damages "might alone" exceed the jurisdictional minimum); *White v. FCI USA, Inc.*, 319 F.3d 672, 674-76 (5th Cir. 2003) (finding it facially apparent that plaintiff's wrongful termination claim exceeded $75,000 based on her "lengthy list of compensatory and punitive damages," including loss of pay, fringe benefits, impaired earning capacity, emotional distress damages, combined with a claim for attorneys' fees).

26.   Without admitting that Plaintiff could recover any damages, Defendant has a good faith belief that the amount in controversy in this action could exceed $75,000.00. Where, as here, a plaintiff's state court complaint is silent as to the amount of damages claimed, the removing defendant need establish only that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum.  *Guglielmino v. McKee Foods,*

| Case No.: | 16 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

*Corp.*, 506 F.3d 696, 699 (9th Cir. 2007); *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 860-61 (9th Cir. 1996).

27.   In addition, where a plaintiff's state court complaint does not specify the precise amount of damages claimed, the removing defendant need establish only that it is more probable than not that the plaintiff's claims exceed the jurisdictional minimum. *Guglielmino v. McKee Foods, Corp.* (9th Cir. 2007) 506 F.3d 696, 699; *Sanchez v. Monumental Life Ins. Co.* (9th Cir. 1996) 95 F.3d 856, 860-61.

28.   Here, the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, for the following reasons:

a.   Plaintiff seeks to recover "general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits" and "general damages for emotional and mental distress," as well as "emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to her damage…" [See Complaint, ¶¶ 44, 46, 57, 65]. Also for "past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity" and "compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity." [See Complaint ¶ 45, and Prayer for Relief ¶ 1]. Plaintiff specifically claims she "lost and continues to lose wages and work benefits caused by their discharges [sic]." [See Complaint ¶ 118], and seeks to recover "civil penalties up to the statutory maximum of $10,000 for each violation of Cal. Lab. Code § 1102.5(f) …and reasonable costs and attorney's fees. [See

| Case No.: | 17 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

Complaint ¶ 119]. Plaintiff seeks "penalties in the amount of her unpaid wages for the period of paid sick leave which she was denied…and liquidated damages in an equal amount to the aforementioned penalties. [See Complaint ¶ 131]. Plaintiff also seeks both pre and post-judgment interest. [See Complaint, Prayer for Relief ¶¶ 2, 7]. Finally, Plaintiff seeks "equitable relief to compensate Plaintiff for his [sic] losses due to her discharge, including…the payment of Plaintiff's wages lost…[and] liquidated damages in an amount equal to the aforementioned relief." [See Complaint ¶ 143]. Considering alleged lost wages alone, Plaintiff was earning $15.00 per hour at the time of her termination. [See Complaint ¶19]. Assuming two years of front pay through trial, Plaintiff is seeking **at least $63,840.00** in lost earnings alone.

b.     As articulated above, Plaintiff seeks to recover for alleged emotional distress. Plaintiffs alleging emotional distress as a result of wrongful termination regularly seek ***in excess of $75,000.00*** in such damages. *Keiffer v. Bechtel Corp.,* 65 Cal.App.4th 893, 895 (1998) (California Court of Appeal upheld jury award in excess of $75,000.00 for emotional distress damages); *Silo v. CHW Medical Foundation,* 86 Cal.App.4th 947, 955 (2001) (jury award in excess of $75,000.00 in non-economic damages was upheld in wrongful termination lawsuit); *see also Egan v. Premier Scales & Sys.,* 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (where plaintiff sought damages for embarrassment, humiliation, and willful, malicious and outrageous conduct, the court held that the defendant could "easily make the case that the claims are more likely than not to reach the federal amount in controversy requirement").

c.     Plaintiff seeks to recover punitive and exemplary damages. [See Complaint, ¶¶ 47, 59, 67, 85, 94,106, Prayer for Relief ¶ 5.] Plaintiff's claims for punitive damages are part of the amount in controversy when determining diversity jurisdiction. *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001). California juries have returned verdicts with substantial punitive damage awards in employment discrimination actions. *Simmons* 209 F. Supp. 2d at 1033 ("the jury verdicts in these cases amply demonstrate the potential for large punitive damage awards in employment

discrimination cases"); *Aucina v. Amoco Oil Co.,* 871 F. Supp. 332, 334 (S.D. Iowa 1994) ("[b]ecause the purpose of punitive damages is to capture the defendant's attention and deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages alone might exceed [the jurisdictional amount]"). In *Aucina*, the defendant-employer established the amount in controversy exceeded the jurisdictional minimum where the former employee asserted claims for lost wages, lost benefits, mental anguish, and punitive damages. The court noted that the defendant was a Fortune 500 Company and that "[b]ecause the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," the plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. *Id.* at 334. Thus, although Defendant vigorously denies Plaintiff's allegations and claims, if Plaintiff were to prevail on her claims and establish the requisite state of mind, the potential punitive damages award alone against Defendant could ***well exceed the $75,000 jurisdictional minimum***. Assuming conservatively that Plaintiff could recover punitive damages in a 1:1 ratio with two (2) years of alleged lost earnings [$15/hr x 8 hrs/day x 532 working days] (by the time this matter goes to trial), **she would recover at least $63,840.00 in punitive damages**.

d.    Plaintiff also seeks to recover statutory attorneys' fees. [See Complaint ¶¶ 61, 69, 87, 96, 107, 119, Prayer for Relief ¶ 6.] While Plaintiff seeks an unspecified amount of attorneys' fees, such fees may also be taken into account to determine jurisdictional amounts, if a statute authorizes fees to a successful litigant. *Goldberg v. C.P.C. International, Inc.,* 678 F.2d 1365, 1367 (9th Cir. 1982); *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-1156 (9th Cir. 1998). *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 700 (9th Cir. 2007) ("[w]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1035 (N.D. Cal. 2002). "Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to

| Case No.: | 19 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|

the amount in controversy." *Brady v. Mercedes-Benz USA, Inc.* (N.D. Cal. 2002) 243 F. Supp 2d 1004, 1011; *Celestino v. Renal Advantage, Inc.* (N.D. Cal. 2007) 2007 U.S. Dist. LEXIS 33827, *11 ("the amount in controversy includes not only damages accrued up to the time of removal, but also a reasonable assessment of damages likely to be accrued after the time of removal")

29.     In sum, Plaintiff's potential recovery under the facts as alleged in his Complaint exceeds the amount in controversy.  It cannot be said to a legal certainty that Plaintiff would not be entitled to recover the jurisdictional amount.  *See Anthony v. Security Pacific Financial Services, Inc*., 75 F.3d 311, 315 (7th Cir. 1996); *Watson v. Blankenship*, 20 F.3d 383, 386-87 (10th Cir. 1994).  Therefore, the claims alleged and recovery requested in Plaintiff's Complaint demonstrate the amount in controversy in this case exceeds the requirements under 28 U.S.C. §1332(a).

## **CONCLUSION**

30.     Based on the foregoing, Defendants remove this action to this Court pursuant to the provisions of 28 U.S.C. Sections 1331, 1332, 1367, and 1441, as this Court has original jurisdiction over Plaintiff's FFCRA claims, supplemental jurisdiction over Plaintiff's other claims, and diversity jurisdiction.

WHEREFORE, Defendant removes this action now pending in the Superior Court of the State of California for the County of Orange to this Court.

Respectfully submitted,

Dated: February 23, 2021          JACKSON LEWIS P.C.


*/s/ John A. Schaffer*
Leonora M. Schloss
John A. Schaffer

Attorneys for Defendant
SP MANAGEMENT SERVICES, INC.
and ADRIANA MORENO

4849-2618-1082, v. 2

| Case No.: | 20 | NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT PURSUANT TO 28 U.S.C. §§1331, 1332, 1367, and 1441 |
|---|---|---|