EXHIBIT A

Electronically Filed by Superior Court of California, County of Orange, 01/04/2021 at 04:31:00 PM
30-2021-01173658-CU-WT-CJC - ROA # 9 - DAVID H. YAMASAKI, Clerk of the Court By Dominique Carr, Deputy Clerk.
Case 2:21-cv-01658   Document 1-2   Filed 02/23/21   Page 2 of 39   Page ID #:27

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

SP MANAGEMENT SERVICES, INC. a California Professional Corporation, ADRIANA MORENO, an individual, and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GENEVIEVE GARCIA, an individual

</td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

</td></tr>
</table>

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

<table>
<tr><td>

The name and address of the court is:
*(El nombre y dirección de la corte es):*

Central Justice Center, 700 W. Civic Center Dr., Santa Ana, CA 92701

</td><td>

CASE NUMBER: *(Número del Caso):*

</td></tr>
</table>

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Jonathan P. LaCour, Employees First Labor Law, 65 N. Raymond Ave., Suite 260, Pasadena, CA 91103, (310) 853-3461

DATE:
*(Fecha)*  January 4, 2021

Clerk, by _____ , Deputy
*(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.

2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*

4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

For your protection and privacy, please press the Clear This Form button after you have printed the form. | Print this form | Save this form | Clear this form

ATTORNEY OR PARTY WITHOUT ATTORNEY
Jonathan P. LaCour
Employees First Labor Law
65 N. Raymond Ave., Suite 260, Pasadena, CA 91103

TELEPHONE NO.: (310) 853-3461   FAX NO. (Optional): (949) 743-5442
ATTORNEY FOR (Name): Genevieve Garcia

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange
STREET ADDRESS: 700 W. Civic Center Dr.
MAILING ADDRESS: 700 W. Civic Center Dr.
CITY AND ZIP CODE: Santa Ana, 92701
BRANCH NAME: Central Justice Center

CASE NAME:
Garcia v. SP Management Services, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [x] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition (not specified above) (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action (specify): Nine (9)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: January 4, 2021

Jonathan P. LaCour
(TYPE OR PRINT NAME)                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

1  Jonathan P. LaCour, Esq. (SBN: 285098)
   Lisa Noveck, Esq. (SBN: 316660)
2  **EMPLOYEES FIRST LABOR LAW P.C.**
   65 N. Raymond Ave., Suite 260
3  Pasadena, California 91103
   Telephone:    (310) 853-3461
4  Facsimile:    (949) 743-5442
   Email:        jonathanl@pierrelacour.com
5                lisan@pierrelacour.com
6
7  Attorneys for Plaintiff, GENEVIEVE GARCIA
8
9            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
10           **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**
11 GENEVIEVE GARCIA, an individual,          Case No.

12              Plaintiff,                   **COMPLAINT FOR DAMAGES FOR:**

13      v.                                   1. **WRONGFUL TERMINATION IN**
                                                **VIOLATION OF FEHA (GOVT. CODE §**
14 SP MANAGEMENT SERVICES, INC. a              **12940 ET SEQ.);**
   California Professional Corporation, ADRIANA 2. **FEHA VIOLATIONS BASED UPON**
15 MORENO, an individual, and DOES 1 through    **DISABILITY DISCRIMINATION;**
   20, inclusive,                            3. **VIOLATION OF BUSINESS &**
16                                              **PROFESSIONS CODE § 17200 *ET SEQ.*;**
              Defendants.                    4. **FAILURE TO PROVIDE REASONABLE**
17                                              **ACCOMMODATIONS IN VIOLATION**
                                                **OF GOV'T CODE §§12940 ET SEQ.;**
18                                           5. **FAILURE TO ENGAGE IN A GOOD**
                                                **FAITH INTERACTIVE PROCESS IN**
19                                              **VIOLATION OF GOV'T CODE §§12940**
                                                **ET SEQ.; AND**
20                                           6. **WRONGFUL TERMINATION IN**
                                                **VIOLATION OF PUBLIC POLICY**
21                                           7. **VIOLATION OF LABOR CODE § 1102.5**
                                                **(WHISTLEBLOWER RETALIATION);**
22                                           8. **FAILURE TO PROVIDE PAID SICK**
                                                **LEAVE IN VIOLATION OF THE**
23                                              **FAMILIES FIRST CORONAVIRUS**
                                                **RESPONSE ACT § 5102; AND**
24                                           9. **WRONGFUL TERMINATION IN**
                                                **VIOLATION OF THE FAMILIES FIRST**
25                                              **CORONAVIRUS RESPONSE ACT §§**
                                                **5102 AND 5104**
26
                                                **DEMAND OVER $25,000**
27
                                                **[DEMAND FOR JURY TRIAL]**
28

*(left margin, vertical text)* **EMPLOYEES FIRST LABOR LAW** 65 N. RAYMOND AVE. SUITE 260 PASADENA, CALIFORNIA 91103

-1-

1   **COMES NOW PLAINTIFF,** GENEVIEVE GARCIA, for causes of action against Defendants
2   and each of them, alleges as follows:

3                                          <u>**JURISDICTION**</u>
4       1.   This Court is the proper court, and this action is properly filed in Orange County, because
5   Defendants' obligations and liability arise therein, because Defendants maintain locations and transact
6   business within Orange County, and because the work that is the subject of this action was performed
7   by Plaintiff in Orange County.

8                                          <u>**THE PARTIES**</u>
9       2.   Plaintiff, GENEVIEVE GARCIA (hereinafter referred to as "Plaintiff"), is and at all times
10  relevant hereto was a resident of the County of Orange, State of California.

11                          **DEFENDANT SP MANAGEMENT SERVICES, INC.**
12      3.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto,
13  Defendant SP MANAGEMENT SERVICES, INC. (hereinafter referred to as "SP Management") was
14  and is a California professional corporation doing business at 1110 W La Palma Ave #2, Anaheim, CA
15  92801 in the County of Orange, State of California.

16                                 **DEFENDANT ADRIANA MORENO**
17      4.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto,
18  Defendant ADRIANA MORENO (hereinafter referred to as "Ms. Moreno") was and is an individual
19  residing in the County of Orange, State of California, with his principal place of business located therein.
20      5.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto,
21  Defendant Ms. Moreno was Plaintiff's employer, manager, corporate agent, supervisor. Specifically,
22  Plaintiff is informed and believes, and based thereon alleges, that Ms. Moreno dictated Plaintiff's
23  compensation and had plenary ability to supervise, manage, hire, and fire, and did participate in the
24  hiring and firing of Plaintiff. Defendant Ms. Moreno exercised control and management of the work
25  performed by Plaintiff as to establish or change corporate policies for which Plaintiff was required to
26  perform. Defendant Ms. Moreno had the ability to ensure Plaintiff was properly compensated and
27  allotted meal breaks, rest periods, and other provisions issued to employees. Furthermore, Plaintiff was
28  of the belief that Ms. Moreno was also her employer.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-2-

6.   On information and belief, Ms. Moreno was the primary, if not the sole, decision maker and author of its corporate policies as to: (1) setting employees' working hours and rates of pay; (2) whether, and how much, to pay employees for overtime hours worked; (3) whether to allow employees the opportunity to take meal periods and rest breaks; (4) determining whether to issue itemized wages statements to employees; (5) determining whether an employee was exempt or non-exempt for purposes of applicable compliance with the <u>Labor Code</u> and order of the Industrial Welfare Commission; and (6) ensure compliance with all applicable <u>Labor Code</u> sections and orders of the Industrial Welfare Commission.

7.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants owned and/or operated a pain management practice and availed themselves of the rights and privileges of the State of California.

8.   Defendants were Plaintiff's employers within the meaning of Government Code §§12926, subdivision (d), 12940, subdivisions (a),(h),(1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more persons and are therefore subject to the jurisdiction of this Court.

9.   The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants named herein as DOES 1-20, inclusive, are unknown to Plaintiff at this time and therefore said Defendants are sued by such fictitious names. Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff. Plaintiff is informed and believes, and based thereupon alleges, that each of the fictitiously named Defendants is responsible for the wrongful acts alleged herein, and is therefore liable to Plaintiff as alleged hereinafter.

10.   Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendants, and each of them, were the agents, employees, managing agents, supervisors, coconspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-3-

11.  Plaintiff is informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code §12940(i).  Plaintiff is further informed and believes, and based thereupon alleges, that Defendants, and each of them, including those defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

12.  Whenever and wherever reference is made in this complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts and/or failures to act by each Defendant acting individually, jointly and severally.

13.  Plaintiff has filed complaints of discrimination, harassment, retaliation, failure to prevent discrimination or retaliation, and wrongful termination under Government Code §§12940, et seq., the California Fair Employment and Housing Act ("FEHA") with the California Department of Fair Employment and Housing ("DFEH"), and has satisfied Plaintiff's administrative prerequisites with respect to these and all related filings.

## ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER

14.  Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of interest and ownership between Defendants and DOES 1-20 that the individuality and separateness of Defendants have ceased to exist.

15.  Plaintiff is informed and believes, and based thereon alleges, that despite the formation of purported corporate existence, Defendants and DOES 1-20 are, in reality, one and the same as Defendants, including, but not limited to because:

a.  Defendants are completely dominated and controlled by DOES 1-20, who personally committed the frauds and violated the laws as set forth in this complaint, and who have hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish some other wrongful or inequitable purpose.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

b.      DOES 1-20 derive actual and significant monetary benefits by and through Defendants' unlawful conduct, and by using Defendants as the funding source for their own personal expenditures.

c.      Plaintiff is informed and believes that Defendants and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      Plaintiff is informed and believes that Defendants do not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      Plaintiff is informed and believes, and based thereon alleges, that the business affairs of Defendants and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. Defendants are, and at all times relevant hereto were, used by DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendants' affairs, and are, and were, the alter ego of DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of Defendants and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

16. Accordingly, Defendants constitute the alter ego of DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

17. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that Defendants and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of Defendants, and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

18. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20 and Defendants, (1) there is an express or implied agreement of assumption pursuant to which DOES 1-20 agreed to be liable for the debts of Defendants, (2) the transaction

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

between DOES 1-20 and Defendants amounts to a consolidation or merger of the two corporations, (3) DOES 1-20 is a mere continuation of Defendants, or (4) the transfer of assets to DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.   Accordingly, DOES 1-20 are the successors of Defendants, and are liable on that basis.

## FACTUAL ALLEGATIONS

19.  Plaintiff began working at SP Management on or about October 2019 as an insurance verification specialist at a rate of pay of $15.00 per hour.

20.  On or about March 19, 2020, California Governor Gavin Newsom issued Executive Order N-33-20 ("Governor's Order"). Through this order, Governor Newsom effected a statewide mandate that California citizens accord with the California Department of Public Health's recommendation to stay home and practice social distance in order to slow the spread of COVID-19.

21.  Plaintiff's job duties included verifying insurance for the company. Plaintiff could have readily performed all of her job duties from home.

22.  On numerous occasions, Plaintiff complained to her supervisors on about the company's lax attitude towards the Governor's Order and public health recommendations to slow the spread of COVID-19. Plaintiff requested to be allowed to work from home but was told by management that she must remain in the office.

23.  Despite the Governor's Order and Plaintiff's ability to (and feasibility to) readily work from home, Plaintiff was not allowed to work from home. Plaintiff was placed at the front desk in an upstairs suite.

24.  On or about May 26, 2020, Plaintiff's coworker Noemi Osorio-Mendoza ("Ms. Mendoza") returned back to work in the same office suite as Plaintiff.

25.  On or about May 26, 2020, Plaintiff complained to Ursula Sanchez ("Ms. Sanchez"), Plaintiff's direct supervisor, that Defendants were not abiding by the CDC requirements for minimizing the spread of COVID-19 and about her inability to physically distance herself from Ms. Mendoza in the workspace. Plaintiff requested to work as far away from Ms. Mendoza as possible and for both of them to wear masks at all times in conformity with CDC requirements.

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

26. Ms. Moreno indicated she was having an emergency and to work with Ms. Sanchez to maintain six feet. Ms. Sanchez indicated that she could not place her anywhere and she would have to work next to Ms. Mendoza.

27. Despite her complaints and requests for protective measures, Plaintiff indeed was required to work in close proximity to Ms. Mendoza. Defendants told Plaintiff to social distance but then required Plaintiff to work in close proximity with Ms. Mendoza, In fact, Plaintiff's and Ms. Mendoza's work were separated by less than three feet during normal working hours.

28. Plaintiff requested that both she and Ms. Mendoza wear masks or facial coverings while in contact with each other. Despite this request, Ms. Mendoza was not required to wear a mask or any facial covering in the workplace.

29. On or about June 10, 2020, Ms. Mendoza told Plaintiff that she had not been practicing social distancing to limit the spread of COVID-19. Ms. Mendoza told Plaintiff that she had attended several large gatherings at a church and other locations where she would be at risk for exposure to COVID-19.

30. Plaintiff complained to management again about her concerns of contracting COVID-19 from Ms. Mendoza after hearing about Ms. Mendoza's choices to not to practice social distancing. Plaintiff expressed concern about contracting COVID-19 from Ms. Mendoza. Plaintiff's complaint was ignored and was never addressed by anyone in the company.

31. Plaintiff again insisted that she could have performed her work from home but was again denied the opportunity to work from home.

32. On or about June 17, 2020, Plaintiff began to experience COVID-19 symptoms. Plaintiff alerted the managers of her COVID-19 symptoms.

33. Plaintiff told her managers that she must return home and be in quarantine because she believes she was exposed to COVID-19 and was experiencing symptoms. She reasonably believed that it was illegal for the company to force her to work where she would knowingly infect others with COVID-19. Despite Plaintiff's complaints, Plaintiff again was not allowed to work from home and returned to the office.

34. By June 30, 2020, Plaintiff was experiencing severe COVID-19 symptoms. Plaintiff told her managers about the severity of her symptoms for COVID-19 and that it was not safe for her to be at

work anymore. Plaintiff was unable to continue working and requested time to leave work to be tested for COVID-19.

35.  Plaintiff's manager told Plaintiff that she would only be allowed to test for COVID-19 during her lunch break or "on her own time." Plaintiff was told that she must return back to work immediately after being tested during her lunch break.

36.  Plaintiff attempted to get tested for COVID-19 during her lunch break that day, but the testing center was too busy and was unable to reach her during that time.

37.  Plaintiff told the managers that she was unable to be tested at lunch and that she will be going home until she could be tested later that day. The manager chastised Plaintiff and told Plaintiff that she was being insubordinate for not returning to work that day. Plaintiff informed her manager again that she believed it to be illegal to force her to work where Plaintiff would knowingly infect others with COVID-19.

38.  On or about June 30, 2020, Plaintiff tested positive for COVID-19. Plaintiff alerted management that she tested positive for COVID-19 and would not be able to return to work the next day.

39.  Plaintiff called the company's human resources department, located in Tennessee, upon receiving her positive COVID-19 test results. The human resources representative told Plaintiff that Plaintiff will have job security during this time and that the office in Tennessee will be in contact with the office in Anaheim about the situation.

40.  On or about July 3, 2020, Plaintiff was called by her managers and was terminated from her employment on a conference call.

41.  As set forth above, and throughout this complaint, Defendants engaged in various acts of unfair competition and unlawful and unfair business practices as defined in the *Unfair Competition Law*, Business and Professions Code § 17200, et seq.

42.  Pursuant to the Labor Code, California law and applicable Wage Orders, Plaintiffs are entitled to all damages, unpaid wages, statutory penalties, waiting time penalties, interest and attorney's fees and costs for the illegal and wrongful acts and omissions of Defendants, all as alleged throughout this complaint.

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

43. Defendants' conduct described herein was undertaken, authorized, and/or ratified by Defendants' officers, directors and/or managing agents, including, but not limited to those identified herein as DOES 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiffs at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

44. As a result of Defendants' actions, Plaintiffs have suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

45. As a result of the above, Plaintiffs are entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

46. Plaintiffs claim general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

47. Because the acts taken toward Plaintiffs were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel and intentional manner, in conscious disregard of Plaintiffs' rights and in order to injure and damage Plaintiffs, Plaintiffs request that punitive damages be levied against Defendant, in sums in excess of the jurisdictional minimum of this Court.

48. As of April 1, 2020, the Families First Coronavirus Response Act ("FFCRA") required that Defendants grant Plaintiffs additional paid sick leave. Furthermore, the FFCRA required that Defendants post notice of Plaintiffs' ability to take the aforementioned sick leave in conspicuous places where notices were generally posted around Defendants' stores.

49. Defendants misrepresented to Plaintiffs that Defendants' business was allowed to operate normally under the Governor's Order and failed to post notice of the paid sick leave granted to Plaintiffs under the FFCRA.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-9-

50.  As a result, Defendants effectively denied Plaintiffs the sick leave they were allocated under the FFCRA.

## FIRST CAUSE OF ACTION
## WRONGFUL TERMINATION IN VIOLATION OF FEHA
### (Cal. Govt. Code §§ 12940 et seq.))
## AGAINST DEFENDANT SP MANAGEMENT SERVICES
## AND ALL DOE DEFENDANTS

51.  Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

52.  Defendants, and each of them, including their agents, employees and representatives are subject to suit under Sections 12940, et. seq., of the California Fair Employment and Housing Act ("FEHA") as embodied in the California Government Code.

53.  California Government Code §12921(a) states, "[t]he opportunity to seek, obtain, and hold employment without discrimination because of…physical disability…medical condition…sex, gender…is hereby recognized as and declared to be a civil right." Moreover, Government Code §12940 states in relevant part, "[i]t is an unlawful employment practice, unless based upon a bona fide qualification…[f]or an employer, because of…physical disability, medical condition …sex, gender …to discharge the person from employment or to discriminate against the person in compensation or in terms, conditions, or privileges of employment."

54.  Plaintiff is a woman who has a medical condition, as defined under Government Code § 12926 et. seq. Moreover, at the time of this Complaint and at all relevant times, Plaintiff was disabled.

55.  Plaintiff is informed and believes and thereon alleges that Defendants and each of them, in violation of Government Code §§ 12940 et seq., terminated Plaintiff's employment because of her medical condition.

56.  As a proximate result of the conduct of Defendants, Plaintiff has suffered general and special damages in a sum according to proof, but which amount exceeds the jurisdictional minimum of this Court, with interest thereon at the maximum legal rate.

57.  As a result of the aforesaid acts of Defendants, Plaintiff claims general damages for mental and emotional distress, physical injury related to emotional distress, and aggravation in an amount to be proven at the time of trial.

-10-

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

58. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c)), in that they were intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

59. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advanced knowledge, conscious disregard, authorization, or ratification within the meaning of Civil Code §3294 on the part of Defendants' officers, directors, or managing agents of the business. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on Defendants' part to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

60. Plaintiff has exhausted her administrative remedies against the named Defendants for violations of the FEHA as evidence by the documents attached as Exhibit "1" to this Complaint.

61. Plaintiff is further entitled to attorneys' fees pursuant to Government Code § 12965(b).

**SECOND CAUSE OF ACTION**
**FEHA VIOLATIONS BASED UPON DISABILITY DISCRIMINATION**
**(Cal. Govt. Code § 12940(a), et seq.)**
**AGAINST DEFENDANT SP MANAGEMENT SERVICES**
**AND ALL DOE DEFENDANTS**

62. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

63. This cause of action is based upon:

    a.  Cal. Gov. Code § 12940(a), which prohibits employers from discriminating against an employee in compensation or in terms, conditions, or privileges of employment because of his or her disability.

64. Plaintiff alleges Defendants treated her differently from similarly situated employees because she was disabled. Plaintiff contends that if she were not disabled, Defendants would not have exhibited the behavior and conduct alleged in this Complaint. Specifically, Plaintiff alleges the following acts were committed by Defendants because Plaintiff was disabled:

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-11-

**COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF**
**GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.**

a. Denying Plaintiff the workplace accommodations;

b. Terminating the employment of Plaintiff specifically because of her disability;

65. As a direct, foreseeable, and proximate result of the outrageous conduct of Defendants, and each of them, Plaintiff has suffered, and continues to suffer emotional distress, including stress, anxiety, anger, humiliation, loss of self-confidence, loss of self-esteem, feelings of hopelessness, and feelings of betrayal, physical injury related to emotional distress, plus future expenses incurred in seeking professional medical treatment for the aforementioned symptoms, all of which was and is to her damage in a sum within the minimum jurisdiction of this Court, to be ascertained according to proof.

66. Plaintiff is informed, believes, and based thereon, alleges that the outrageous conduct of Defendants, and each of them, as described above was done with oppression and malice, and was thereafter ratified by those other individuals who were either officers, directors, and/or managing agents of the named corporate Defendants. These unlawful acts were further ratified by the corporate Defendants and/or its agents as they were done with a conscious disregard for Plaintiff's rights and with the intent, design and purpose of injuring Plaintiff given that the harm to her was readily foreseeable. By reason thereof, Plaintiff is entitled to punitive or exemplary damages against Defendants, and each of them, for their acts as described in this cause of action in a sum to be determined at the time of trial.

67. The grossly reckless, and/or intentional, malicious, and bad faith manner in which Defendants, and each of them, engaged in those acts as described in this cause of action by willfully violating those statutes enumerated in this cause of action, Plaintiff is entitled to punitive damages against said Defendants, and each of them, in an amount within the jurisdiction of this court, to be ascertained by the fact finder, that is sufficiently high to punish said Defendants, deter them from engaging in such conduct again, and to make an example of them to others.

68. Plaintiff has exhausted her administrative remedies against the named Defendants for violations of the FEHA as evidence by the documents attached as Exhibit "1" to this Complaint.

69. For the part of this cause of action for FEHA liability, Plaintiff pleads for attorney's fees and costs as allowed by California Government Code § 12965(b).

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

**THIRD CAUSE OF ACTION**
**VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.**
**AGAINST DEFENDANT SP MANAGEMENT SERVICES**
**AND ALL DOE DEFENDANTS**

70. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

71. Plaintiff, on behalf of herself, Employees, and the general public, brings this claim pursuant to Business & Professions Code § 17200 et seq. The conduct of Defendants as alleged in this Complaint has been and continues to be unfair, unlawful, and harmful to Employees and the general public. Plaintiff seeks to enforce important rights affecting the public interest within the meaning of valid California law and specifically Code of Civil Procedure § 1021.5.

72. Plaintiff is a "person" within the meaning of Business & Professions Code § 17204, has suffered injury, and therefore has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

73. Business & Professions Code § 17200 et seq. prohibits unlawful and unfair business practices.

74. Defendants have violated statutes and public policies. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Professions Code § 17200 et seq.; which conduct has deprived Plaintiff, and all persons similarly situated, and all interested persons, of the rights, benefits, and privileges guaranteed to all employees under the law.

75. Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of the Business & Professions Code § 17200 et seq.

76. Defendants, by engaging in the conduct herein alleged, by discriminating against Plaintiff due to her medical condition violated well established public policy of the State of California; therefore, its conduct violates the Business & Professions Code § 17200 et seq.

77. As a proximate result of the above-mentioned acts of Defendants, Employees have been damaged, in a sum to be proven at trial.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

78. Unless restrained by this Court, Defendants will continue to engage in such unlawful conduct as alleged above. Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use by Defendants or their agents or employees of any unlawful or deceptive practice prohibited by the Business & Professions Code, including but not limited to the disgorgement of such profits as may be necessary to restore Employees to the money Defendants has unlawfully failed to pay.

### FOURTH CAUSE OF ACTION
### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS
### IN VIOLATION OF GOVT. CODE §§ 12940 ET SEQ.
### AGAINST DEFENDANT SP MANAGEMENT SERVICES
### AND ALL DOE DEFENDANTS

79. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

80. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

81. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a medical condition that affected Plaintiff's major life activities, and a medical condition of which Defendants had both actual and constructive knowledge.

82. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's medical condition, actually or as it was perceived by Defendants, have been a danger to Plaintiff's or any other person's health or safety. Accommodation of Plaintiff's medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-14-

disability, failed to engage in the interactive process with Plaintiff and continued to violate this obligation, up to and including the date of Plaintiff's termination.

83. The above said acts of Defendants constitute violations of the FEHA, and were a proximate cause in Plaintiff's damage as stated below.

84. The damage allegations described above are herein incorporated by reference.

85. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

86. Plaintiff has exhausted her administrative remedies against the named Defendants for violations of the FEHA as evidence by the documents attached as Exhibit "1" to this Complaint.

87. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FIFTH CAUSE OF ACTION
### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOVT. CODE §§ 12940 ET SEQ. AGAINST DEFENDANT SP MANAGEMENT SERVICES AND ALL DOE DEFENDANTS

88. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

89. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-15-

90. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a medical that affected Plaintiff's major life activities, of which Defendants had both actual and constructive knowledge.

91. Plaintiff reported the medical condition to Defendants and requested accommodations, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants' continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination or, if Defendants contends Plaintiff was never terminated, through the present and ongoing.

92. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

93. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

94. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

95. Plaintiff has exhausted her administrative remedies against the named Defendants for violations of the FEHA as evidence by the documents attached as Exhibit "1" to this Complaint.

96. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

EMPLOYEES FIRST LABOR LAW
65 N RAYMOND AVE SUITE 260
PASADENA, CALIFORNIA 91103

-16-

### SIXTH CAUSE OF ACTION
### FOR WRONGFUL TERMINATION
### IN VIOLATION THE PUBLIC POLICY OF THE STATE OF CALIFORNIA
### AGAINST DEFENDANT SP MANAGEMENT SERVICES
### AND ALL DOE DEFENDANTS

97.   Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

98.   At all relevant times mentioned in this complaint, the FEHA was in full force and effect and was binding on Defendants.   This law requires Defendants to refrain from, among other things, discriminating against any employee on the basis of disability, medical condition, real or perceived, and use of medical leave, and from retaliating against any employee who engages in protected activity.

99.   At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability, medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

100. Plaintiff believes and thereon alleges that Plaintiff's medical condition, real or perceived, use of medical leave, engagement in protected activity with respect to these protected classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

101. Such discrimination, resulting in the wrongful termination of Plaintiff's employment on the basis of disability, medical condition, real or perceived, or use of medical leave, Plaintiff's complaining of discrimination due to these protected classes, Plaintiff's engagement in protected activity, and/or some combination of these factors, were a proximate cause in Plaintiff's damages as stated below.

102. The above said acts of Defendants constitute violations of the Government Code and the public policy of the State of California embodied therein as set forth above.   Defendants violated these laws by discriminating against Plaintiff and terminating Plaintiff's employment due to Plaintiff's medical condition.

103. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate against any employee in violation of FEHA.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

104. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

105. The damage allegations, as set forth above inclusive, are herein incorporated by reference.

106. The foregoing conduct of Defendants individually, or by and through its officers, directors and/or managing agents, was intended by Defendants to cause injury to Plaintiff or was despicable conduct carried on by Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

107. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SEVENTH CAUSE OF ACTION
## RETALIATION IN VIOLATION OF LABOR CODE § 1102.5
## (WHISTLEBLOWER RETALIATION)
## AGAINST ALL DEFENDANTS AND ALL DOE DEFENDANTS

108. Plaintiff re-alleges the information set forth in the preceding paragraphs and incorporates it into this cause of action as if it was fully alleged herein.

109. Cal. Lab. Code § 1102.5(a) provides, in relevant part, that "An employer shall not make adopt, or enforce any...rule...or policy preventing an employee from disclosing information...to a person with authority over the employer, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance...if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

110. Cal. Lab. Code § 1102.5(b) provides, in relevant part, that "An employer...shall not retaliate against an employee for disclosing information...to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance...if the employee has reasonable cause to believe that the information discloses a

-18-

violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties."

111. Furthermore, under *Labor Code* §1102.5(c) "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation." Labor Code section 1102.5(d) states, (d) "[a]n employer, or any person acting on behalf of the employer, shall not retaliate against an employee for having exercised his or her rights under subdivision (a), (b), or (c) in any former employment."

112. Defendants unlawfully retaliated against and terminated Plaintiff in retaliation for Plaintiff's report of his reasonable belief that Defendants were violating wage and hour laws and state public health orders.

113. Plaintiff's complaints were protected activities as defined under California law.

114. Plaintiff had reasonable cause to believe that the above disclosures all involved violations of California law.

115. The statutes previously mentioned, evince a public policy that benefits society at large, were well established at the time of Plaintiffs' termination, and are substantial and fundamental.

116. Plaintiff's assertion of his rights under Cal. Lab. Code § 1102.5 was a substantial motivating reason for Defendants' decision to discharge Plaintiff.

117. Defendants' conduct was a substantial factor in causing harm to Plaintiff as previously pled herein.

118. As a direct and proximate result of Defendants' conduct, Plaintiff has lost and continues to lose wages and work benefits caused by their discharges. The exact amount of such expenses is presently unknown to Plaintiff and she will seek leave of court to amend this Complaint to set forth the exact amount when it has been ascertained.

119. Furthermore, Defendants are liable in civil penalties up to the statutory maximum of $10,000 for each violation of Cal. Lab. Code § 1102.5(f), according to proof at trial. Plaintiff is also entitled to recover any and all damages resulting from Defendant's violations pursuant to Cal. Lab. Code § 1102.5 including reasonable costs and attorney's fees.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-19-

**EIGHTH CAUSE OF ACTION**
**FAILURE TO PROVIDE PAID SICK LEAVE IN VIOLATION OF THE FAMILIES FIRST**
**CORONAVIRUS RESPONSE ACT § 5102**
**AGAINST DEFENDANT SP MANAGEMENT SERVICES**
**AND ALL DOE DEFENDANTS**

120. Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

121. On March 18, 2020, Congress enacted the Families First Coronavirus Response Act ("FFCRA"). The FFCRA became effective as of April 1, 2020.

122. Under § 5102(a)(1) of the FFCRA, "[a]n employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because: ... [t]he employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19."

123. Further, § 5102(b) of the FFCRA requires that the amount of sick leave given to full-time employees be two (2) weeks and the amount of sick given to part-time employees be "a number of hours equal to the number of hours that such employee works, on average, over a 2-week period."

124. Additionally, § 5102(e)(2) of the FFCRA states that "[a]n employer may not require an employee to use other paid leave provided by the employer to the employee before the employee uses the paid sick time under subsection (a)."

125. Under § 5103(a) of the FFCRA, "[e]ach employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees are customarily posted, a notice, to be prepared or approved by the Secretary of Labor, of the requirements described in this Act."

126. Additionally, § 5105(a) of the FFCRA states that an employer who fails to cooperate with the above requirements "be considered to have failed to pay minimum wages in violation of section 6 of the Fair Labor Standards Act of 1938 (29 U.S.C. § 206)" and "be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. §§ 216, 217) with respect to such violation."

127. Under 29 U.S.C. § 216, an employer who violates 29 U.S.C. § 206 "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

128. At all times relevant to this action, Plaintiff was employed by Defendants.

129. At all times following April 1, 2020, the FFCRA was in full force and effect and was binding upon Defendants.

    a.  Defendants refused to grant Plaintiff leave afforded to Plaintiff under the FFCRA. Furthermore, Defendants failed to post any notice of the additional paid sick leave granted to Plaintiffs in direct violation of FFCRA § 5103.

130. Thus, Defendants denied Plaintiff the paid sick leave afforded to Plaintiff by § 5102 of the FFCRA.

131. Plaintiff is therefore entitled under 29 U.S.C. § 216 to recover penalties in the amount of her unpaid wages for the period of paid sick leave which she was denied. Plaintiff is further entitled under 29 U.S.C. § 216 to liquidated damages in an amount equal to the aforementioned penalties.

### NINTH CAUSE OF ACTION
### WRONGFUL TERMINATION IN VIOLATION OF THE
### FAMILIES FIRST CORONAVIRUS RESPONSE ACT § 5102 AND § 5104
### AGAINST DEFENDANT SP MANAGEMENT SERVICES
### AND ALL DOE DEFENDANTS

132. Plaintiff incorporates by reference and realleges the preceding paragraphs, inclusive, as though set forth fully herein.

133. On March 18, 2020, Congress enacted the Families First Coronavirus Response Act ("FFCRA"). The FFCRA became effective as of April 1, 2020.

134. Under § 5104(a)(1) of the FFCRA, "It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who[] takes leave in accordance with this Act[.]"

135. Additionally, § 5105(b) of the FFCRA states that an employer who fails to cooperate with the above requirements "to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3))" and "be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. §§ 216, 217) with respect to such violation."

136. Under 29 U.S.C. § 216, an employer who violates 29 U.S.C. § 215(a)(3) "shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 15(a)(3) [29 USCS

-21-

§ 215(a)(3)], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages."

137. At all times relevant to this action, Plaintiff was employed by Defendants.

138. At all times following April 1, 2020, the FFCRA was in full force and effect and was binding upon Defendants.

139. Plaintiff expressed to Defendants that Plaintiff needed to leave work to test for COVID-19. Defendants only allowed Plaintiff to get tested during her lunch break or on her own time.

140. Furthermore, Defendants told Plaintiff that she was being insubordinate for attempting to leave the workplace while experiencing severe COVID-19 symptoms.

141. Ultimately, Defendants terminated Plaintiff because Plaintiff contracted COVID-19 and took protected leave under § 5104 of the FFCRA.

142. Thus, Defendants unlawfully discharged Plaintiff for taking protected leave in violation of § 5104 of the FFCRA.

143. Plaintiff is therefore entitled under 29 U.S.C. § 216 to equitable relief to compensate Plaintiff for his losses due to her discharge, including employment, reinstatement, promotion, and the payment of Plaintiff's wages lost. Plaintiff is further entitled under 29 U.S.C. § 216 to liquidated damages in an amount equal to the aforementioned relief.

[THE REST OF THIS PAGE IS INTENTIONALLY LEFT BLANK]

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays that the Court enter judgment in her favor and against Defendants, and each of them, as follows:

1.      For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress, physical injury related to emotional distress and loss of earning capacity;

2.      For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

3.      For a declaratory judgment reaffirming Plaintiff's equal standing under the law and condemning Defendants' discriminatory practices;

4.      For injunctive relief barring Defendants' discriminatory employment policies and practices in the future, and restoring Plaintiff to Plaintiff's former position with Defendants;

5.      For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

6.      For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code 1102.5, and/or any other basis;

7.      For post-judgment interest; and

8.      For any other relief that is just and proper.


DATED:  January 4, 2021

                                        **EMPLOYEES FIRST LABOR LAW**

                                        By:

                                        Jonathan P. LaCour, Esq.
                                        Lisa Noveck, Esq.
                                        Attorneys for Plaintiff
                                        GENEVIEVE GARCIA

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEMAND FOR JURY TRIAL

Plaintiff demands trial of all issues by jury.

DATED:  January 4, 2021

**EMPLOYEES FIRST LABOR LAW**

By:

Jonathan P. LaCour, Esq.
Lisa Noveck, Esq.
Attorneys for Plaintiff
GENEVIEVE GARCIA

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE. SUITE 260
PASADENA, CALIFORNIA 91103

-24-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EMPLOYEES FIRST LABOR LAW
65 N. RAYMOND AVE, SUITE 260
PASADENA, CALIFORNIA 91103

# EXHIBIT 1

COMPLAINT FOR COMPENSATORY, PUNITIVE, AND LIQUIDATED DAMAGES, AND INJUNCTIVE RELIEF
GARCIA V. SP MANAGEMENT SERVICES, INC. ET AL.



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

KEVIN KISH, DIRECTOR

2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

January 4, 2021

RE:    **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 202101-12236604
Right to Sue: GARCIA / SP MANAGEMENT SERVICES, INC. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

January 4, 2021

GENEVIEVE GARCIA
65 N Raymond Ave, Ste 260
Pasadena,  91103

RE:     **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 202101-12236604
Right to Sue: GARCIA / SP MANAGEMENT SERVICES, INC. et al.

Dear GENEVIEVE GARCIA:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective January 4, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

1
2
3
4

## COMPLAINT OF EMPLOYMENT DISCRIMINATION
## BEFORE THE STATE OF CALIFORNIA
## DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

5  **In the Matter of the Complaint of**
    GENEVIEVE GARCIA

6                                                    DFEH No. 202101-12236604

7                              Complainant,
    vs.

8    SP MANAGEMENT SERVICES, INC.
9    1110 W La Palma Ave #2
     Anaheim, California 92801

10   ADRIANA MORENO
11   1110 W La Palma Ave #2
     Anaheim, California 92801

12                              Respondents
13  _____

14  1. Respondent **SP MANAGEMENT SERVICES, INC.** is an **employer SP MANAGEMENT**
15  **SERVICES, INC.** subject to suit under the California Fair Employment and Housing Act (FEHA)
    (Gov. Code, § 12900 et seq.).

16  2. Complainant is naming **ADRIANA MORENO** as individual Co-Respondent(s).

17  3. Complainant **GENEVIEVE GARCIA**, resides in the City of **Pasadena,** State of **.**

18  4. Complainant alleges that on or about **July 3, 2020**, respondent took the following
19  adverse actions:

20  **Complainant was harassed** because of complainant's disability (physical or mental),
21  medical condition (cancer or genetic characteristic), family care or medical leave (cfra).

22  **Complainant was discriminated against** because of complainant's disability (physical or
    mental), medical condition (cancer or genetic characteristic), family care or medical leave
23  (cfra) and as a result of the discrimination was terminated, laid off, reprimanded, suspended,
    asked impermissible non-job-related questions, denied reasonable accommodation for a
24  disability, denied work opportunities or assignments.

25  **Complainant experienced retaliation** because complainant reported or resisted any form
    of discrimination or harassment, requested or used a disability-related accommodation,
26  participated as a witness in a discrimination or harassment complaint, requested or used

27                                  -1-
                        *Complaint – DFEH No. 202101-12236604*
28  Date Filed: January 4, 2021

1  family care or medical leave (cfra) and as a result was terminated, laid off, reprimanded,
2  suspended, asked impermissible non-job-related questions, denied any employment benefit
   or privilege, denied reasonable accommodation for a disability, denied work opportunities or
3  assignments, denied family care or medical leave (cfra).

4  **Additional Complaint Details:** Plaintiff began working at SP Management on or about
5  October 2019 as an insurance verification specialist at a rate of pay of $15.00 per hour.
   On or about March 19, 2020, California Governor Gavin Newsom issued Executive Order N-
6  33-20 ("Governor's Order"). Through this order, Governor Newsom effected a statewide
   mandate that California citizens accord with the California Department of Public Health's
7  recommendation to stay home and practice social distance in order to slow the spread of
   COVID-19.
8  Plaintiff's job duties included verifying insurance for the company. Plaintiff could have readily
   performed all of her job duties from home.
9  On numerous occasions, Plaintiff complained to her supervisors on about the company's lax
   attitude towards the Governor's Order and public health recommendations to slow the
10 spread of COVID-19. Plaintiff requested to be allowed to work from home but was told by
   management that she must remain in the office.
11 Despite the Governor's Order and Plaintiff's ability to (and feasibility to) readily work from
   home, Plaintiff was not allowed to work from home. Plaintiff was placed at the front desk in
12 an upstairs suite.
13 On or about May 26, 2020, Plaintiff's coworker Noemi Osorio-Mendoza ("Ms. Mendoza")
   returned back to work in the same office suite as Plaintiff.
14 On or about May 26, 2020, Plaintiff complained to Ursula Sanchez ("Ms. Sanchez"),
   Plaintiff's direct supervisor, that Defendants were not abiding by the CDC requirements for
15 minimizing the spread of COVID-19 and about her inability to physically distance herself
   from Ms. Mendoza in the workspace. Plaintiff requested to work as far away from Ms.
16 Mendoza as possible and for both of them to wear masks at all times in conformity with CDC
   requirements.
17 Ms. Moreno indicated she was having an emergency and to work with Ms. Sanchez to
   maintain six feet. Ms. Sanchez indicated that she could not place her anywhere and she
18 would have to work next to Ms. Mendoza.
19 Despite her complaints and requests for protective measures, Plaintiff indeed was required
   to work in close proximity to Ms. Mendoza. Defendants told Plaintiff to social distance but
20 then required Plaintiff to work in close proximity with Ms. Mendoza, In fact, Plaintiff's and Ms.
   Mendoza's work were separated by less than three feet during normal working hours.
21 Plaintiff requested that both she and Ms. Mendoza wear masks or facial coverings while in
   contact with each other. Despite this request, Ms. Mendoza was not required to wear a
22 mask or any facial covering in the workplace.
23 On or about June 10, 2020, Ms. Mendoza told Plaintiff that she had not been practicing
   social distancing to limit the spread of COVID-19. Ms. Mendoza told Plaintiff that she had
24 attended several large gatherings at a church and other locations where she would be at
   risk for exposure to COVID-19.
25 Plaintiff complained to management again about her concerns of contracting COVID-19
   from Ms. Mendoza after hearing about Ms. Mendoza's choices to not to practice social

26

27                                          -2-
                          *Complaint – DFEH No. 202101-12236604*
28 Date Filed: January 4, 2021

distancing. Plaintiff expressed concern about contracting COVID-19 from Ms. Mendoza. Plaintiff's complaint was ignored and was never addressed by anyone in the company. Plaintiff again insisted that she could have performed her work from home but was again denied the opportunity to work from home.

On or about June 17, 2020, Plaintiff began to experience COVID-19 symptoms. Plaintiff alerted the managers of her COVID-19 symptoms.

Plaintiff told her managers that she must return home and be in quarantine because she believes she was exposed to COVID-19 and was experiencing symptoms. She reasonably believed that it was illegal for the company to force her to work where she would knowingly infect others with COVID-19. Despite Plaintiff's complaints, Plaintiff again was not allowed to work from home and returned to the office.

By June 30, 2020, Plaintiff was experiencing severe COVID-19 symptoms. Plaintiff told her managers about the severity of her symptoms for COVID-19 and that it was not safe for her to be at work anymore. Plaintiff was unable to continue working and requested time to leave work to be tested for COVID-19.

Plaintiff's manager told Plaintiff that she would only be allowed to test for COVID-19 during her lunch break or "on her own time." Plaintiff was told that she must return back to work immediately after being tested during her lunch break.

Plaintiff attempted to get tested for COVID-19 during her lunch break that day, but the testing center was too busy and was unable to reach her during that time.

Plaintiff told the managers that she was unable to be tested at lunch and that she will be going home until she could be tested later that day. The manager chastised Plaintiff and told Plaintiff that she was being insubordinate for not returning to work that day. Plaintiff informed her manager again that she believed it to be illegal to force her to work where Plaintiff would knowingly infect others with COVID-19.

On or about June 30, 2020, Plaintiff tested positive for COVID-19. Plaintiff alerted management that she tested positive for COVID-19 and would not be able to return to work the next day.

Plaintiff called the company's human resources department, located in Tennessee, upon receiving her positive COVID-19 test results. The human resources representative told Plaintiff that Plaintiff will have job security during this time and that the office in Tennessee will be in contact with the office in Anaheim about the situation.

On or about July 3, 2020, Plaintiff was called by her managers and was terminated from her employment on a conference call.

-3-
Complaint – DFEH No. 202101-12236604

Date Filed: January 4, 2021

1  VERIFICATION

2  I, **Jonathan P. LaCour, Esq.**, am the **Attorney** in the above-entitled complaint.  I have
3  read the foregoing complaint and know the contents thereof.  The matters alleged are
   based on information and belief, which I believe to be true.

4
   On January 4, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6
                                                                **Pasadena, California**
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                              -4-
                                  *Complaint – DFEH No. 202101-12236604*
28
   Date Filed: January 4, 2021

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF ORANGE**

# ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**NOTICE TO PLAINTIFF(S) AND/OR CROSS-COMPLAINANT(S):**

**Rule 3.221(c) of the California Rules of Court requires you to serve a copy of the ADR Information Package along with the complaint and/or cross-complaint.**

California Rules of Court – Rule 3.221
Information about Alternative Dispute Resolution (ADR)

(a) Each court shall make available to the plaintiff, at the time of filing of the complaint, an ADR Information Package that includes, at a minimum, all of the following:

(1) General information about the potential advantages and disadvantages of ADR and descriptions of the principal ADR processes.

(2) Information about the ADR programs available in that court, including citations to any applicable local court rules and directions for contacting any court staff responsible for providing parties with assistance regarding ADR.

(3) Information about the availability of local dispute resolution programs funded under the Dispute Resolutions Program Act (DRPA), in counties that are participating in the DRPA. This information may take the form of a list of the applicable programs or directions for contacting the county's DRPA coordinator.

(4) An ADR stipulation form that parties may use to stipulate to the use of an ADR process.

(b) A court may make the ADR Information Package available on its website as long as paper copies are also made available in the clerk's office.

(c) The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action along with the cross-complaint.

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF ORANGE

## ADR Information

**Introduction.**

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts and others offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. ADR is usually less formal, less expensive, and less time-consuming than a trial. ADR can also give people more opportunity to determine when and how their dispute will be resolved.

## BENEFITS OF ADR.

Using ADR may have a variety of benefits, depending on the type of ADR process used and the circumstances of the particular case. Some potential benefits of ADR are summarized below.

**Save Time.** A dispute often can be settled or decided much sooner with ADR; often in a matter of months, even weeks, while bringing a lawsuit to trial can take a year or more.

**Save Money.** When cases are resolved earlier through ADR, the parties may save some of the money they would have spent on attorney fees, court costs, experts' fees, and other litigation expenses.

**Increase Control Over the Process and the Outcome.** In ADR, parties typically play a greater role in shaping both the process and its outcome. In most ADR processes, parties have more opportunity to tell their side of the story than they do at trial. Some ADR processes, such as mediation, allow the parties to fashion creative resolutions that are not available in a trial. Other ADR processes, such as arbitration, allow the parties to choose an expert in a particular field to decide the dispute.

**Preserve Relationships.** ADR can be a less adversarial and hostile way to resolve a dispute. For example, an experienced mediator can help the parties effectively communicate their needs and point of view to the other side. This can be an important advantage where the parties have a relationship to preserve.

**Increase Satisfaction.** In a trial, there is typically a winner and a loser. The loser is not likely to be happy, and even the winner may not be completely satisfied with the outcome. ADR can help the parties find win-win solutions and achieve their real goals. This, along with all of ADR's other potential advantages, may increase the parties' overall satisfaction with both the dispute resolution process and the outcome.

**Improve Attorney-Client Relationships.** Attorneys may also benefit from ADR by being seen as problem-solvers rather than combatants. Quick, cost-effective, and satisfying resolutions are likely to produce happier clients and thus generate repeat business from clients and referrals of their friends and associates.

## DISADVANTAGES OF ADR.

ADR may not be suitable for every dispute.

**Loss of protections.** If ADR is binding, the parties normally give up most court protections, including a decision by a judge or jury under formal rules of evidence and procedure, and review for legal error by an appellate court.

L1200 (Rev. March 2019)

**Less discovery.** There generally is less opportunity to find out about the other side's case with ADR than with litigation. ADR may not be effective if it takes place before the parties have sufficient information to resolve the dispute.

**Additional costs.** The neutral may charge a fee for his or her services. If a dispute is not resolved through ADR, the parties may have to put time and money into both ADR and a lawsuit.

**Effect of delays if the dispute is not resolved.** Lawsuits must be brought within specified periods of time, known as statues of limitation. Parties must be careful not to let a statute of limitations run out while a dispute is in an ADR process.

## TYPES OF ADR IN CIVIL CASES.

The most commonly used ADR processes are arbitration, mediation, neutral evaluation and settlement conferences.

**Arbitration.** In arbitration, a neutral person called an "arbitrator" hears arguments and evidence from each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are often relaxed. Arbitration may be either "binding" or "nonbinding." *Binding arbitration* means that the parties waive their right to a trial and agree to accept the arbitrator's decision as final. Generally, there is no right to appeal an arbitrator's decision. *Nonbinding* arbitration means that the parties are free to request a trial if they do not accept the arbitrator's decision.

**Cases for Which Arbitration May Be Appropriate.** Arbitration is best for cases where the parties want another person to decide the outcome of their dispute for them but would like to avoid the formality, time, and expense of a trial. It may also be appropriate for complex matters where the parties want a decision-maker who has training or experience in the subject matter of the dispute.

**Cases for Which Arbitration May <u>Not</u> Be Appropriate.** If parties want to retain control over how their dispute is resolved, arbitration, particularly binding arbitration, is not appropriate. In binding arbitration, the parties generally cannot appeal the arbitrator's award, even if it is not supported by the evidence or the law. Even in nonbinding arbitration, if a party requests a trial and does not receive a more favorable result at trial than in arbitration, there may be penalties.

**Mediation.** In mediation, an impartial person called a "mediator" helps the parties try to reach a mutually acceptable resolution of the dispute. The mediator does not decide the dispute but helps the parties communicate so they can try to settle the dispute themselves. Mediation leaves control of the outcome with the parties.

**Cases for Which Mediation May Be Appropriate.** Mediation may be particularly useful when parties have a relationship they want to preserve. So when family members, neighbors, or business partners have a dispute, mediation may be the ADR process to use. Mediation is also effective when emotions are getting in the way of resolution. An effective mediator can hear the parties out and help them communicate with each other in an effective and nondestructive manner.

**Cases for Which Mediation May <u>Not</u> Be Appropriate.** Mediation may not be effective if one of the parties is unwilling to cooperate or compromise. Mediation also may not be effective if one of the parties has a significant advantage in power over the other. Therefore, it may not be a good choice if the parties have a history of abuse or victimization.

**Neutral Evaluation.** In neutral evaluation, each party gets a chance to present the case to a neutral person called an "evaluator." The evaluator then gives an opinion on the strengths and weaknesses of each party's evidence and arguments and about how the dispute could be resolved. The evaluator is

L1200 (Rev. March 2019)

often an expert in the subject matter of the dispute. Although the evaluator's opinion is not binding, the parties typically use it as a basis for trying to negotiate a resolution of the dispute.

**Cases for Which Neutral Evaluation May Be Appropriate.** Neutral evaluation may be most appropriate in cases in which there are technical issues that require special expertise to resolve or the only significant issue in the case is the amount of damages.

**Cases for Which Neutral Evaluation May <u>Not</u> Be Appropriate.** Neutral evaluation may not be appropriate when there are significant personal or emotional barriers to resolving the dispute.

**Settlement Conferences.** Settlement conferences may be either mandatory or voluntary. In both types of settlement conferences, the parties and their attorneys meet with a judge or a neutral person called a "settlement officer" to discuss possible settlement of their dispute. The judge or settlement officer does not make a decision in the case but assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. Settlement conferences are appropriate in any case where settlement is an option. Mandatory settlement conferences are often held close to the date a case is set for trial.

## ADDITIONAL INFORMATION.

In addition to mediation, arbitration, neutral evaluation, and settlement conferences, there are other types of ADR, including conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR types. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute.

To locate a dispute resolution program or neutral in your community:
- Contact the California Department of Consumer Affairs, Consumer Information Center, toll free, at 1-800-852-5210
- Contact the Orange County Bar Association at (949) 440-6700
- Look in the telephone directories under "Arbitrators" or "Mediators"

Low cost mediation services are provided under the Orange County Dispute Resolution Program Act (DRPA). For information regarding DRPA, contact:
- Waymakers (949) 250-4058

For information on the Superior Court of California, County of Orange court ordered arbitration program, refer to Local Rule 360.

The Orange County Superior Court offers programs for Civil Mediation and Early Neutral Evaluation (ENE). For the Civil Mediation program, mediators on the Court's panel have agreed to accept a fee of $300 for up to the first two hours of a mediation session. For the ENE program, members of the Court's panel have agreed to accept a fee of $300 for up to three hours of an ENE session. Additional information on the Orange County Superior Court Civil Mediation and Early Neutral Evaluation (ENE) programs is available on the Court's website at www.occourts.org.

| ATTORNEY OR PARTY WITHOUT ATTORNEY:   STATE BAR NO.: | FOR COURT USE ONLY |
|---|---|
| NAME:<br>FIRM NAME:<br>STREET ADDRESS:<br>CITY:                    STATE:          ZIP CODE:<br>TELEPHONE NO.:<br>E-MAIL ADDRESS:        FAX NO.:<br>ATTORNEY FOR *(name)*: | *For your protection and privacy, please press the Clear This Form button after you are done printing this form.* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
JUSTICE CENTER:
☐ Central - 700 Civic Center Dr. West, Santa Ana, CA 92701-4045
☐ Civil Complex Center - 751 W. Santa Ana Blvd., Santa Ana, CA 92701-4512
☐ Harbor – Newport Beach Facility – 4601 Jamboree Rd., Newport Beach, CA 92660-2595
☐ North – 1275 N. Berkeley Ave., P.O. Box 5000, Fullerton, CA 92838-0500
☐ West – 8141 13ᵗʰ Street, Westminster, CA 92683-4593

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION** | CASE NUMBER: |
|---|---|

Plaintiff(s)/Petitioner(s), _____

_____

and defendant(s)/respondent(s), _____

_____

agree to the following dispute resolution process:

☐ Mediation

☐ Arbitration (must specify code)
    ☐ Under section 1141.11 of the Code of Civil Procedure
    ☐ Under section 1280 of the Code of Civil Procedure

☐ Neutral Case Evaluation

The ADR process must be completed no later than 90 days after the date of this Stipulation or the date the case was referred, whichever is sooner.

☐ I have an *Order on Court Fee Waiver* (FW-003) on file, and the selected ADR Neutral(s) are eligible to provide pro bono services.

☐ The ADR Neutral Selection and Party List is attached to this Stipulation.

We understand that there may be a charge for services provided by neutrals. We understand that participating in an ADR process does not extend the time periods specified in California Rules of Court, rule 3.720 et seq.

Date: _____    _____    _____
                            (SIGNATURE OF PLAINTIFF OR ATTORNEY)    (SIGNATURE OF PLAINTIFF OR ATTORNEY)

Date: _____    _____    _____
                            (SIGNATURE OF DEFENDANT OR ATTORNEY)    (SIGNATURE OF DEFENDANT OR ATTORNEY)

Approved for Optional Use                    **ALTERNATIVE DISPUTE RESOLUTION (ADR) STIPULATION**
L1270 (Rev. March 2019)                                                      California Rules of Court, rule 3.221